**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

| | | |
|---|---|---|
| In re: | :    MDL Docket No. 4:03CV1507-WRW | |
| | :                   4:05CV00497 | |
| **PREMPRO PRODUCTS LIABILITY LITIGATION** | : | |
| | : | |
| **HELENE RUSH** | : | **PLAINTIFF** |
| | : | |
| v. | : | |
| | : | |
| **WYETH** | : | **DEFENDANT** |

**ORDER**

Pending are Defendant's Motion to Exclude Expert Testimony of Dr. Fugh-Berman (Doc. No. 138), Motion to Exclude Expert Testimony of Dr. Bundred (Doc. No. 146), Motion to Exclude Expert Testimony of Dr. Colditz (Doc. No. 150), Defendant's Motion to Exclude Expert Testimony of Mr. Maloney (Doc. No. 152), and Motion to Compel the Production of Annotated Document Prepared by Plaintiff's Regulatory Expert, Dr. John Gueriguian (Doc. No. 179). Also pending is Plaintiff's Motion to Exclude the Testimony of Leon Speroff (Doc. No. 159).

Based on the findings of fact and conclusions of law, as well as statements of counsel, made at the hearings held on July 13-14, 2006, I rule as follows:

     1.     Defendant's Motion to Exclude Expert Testimony of Dr. Fugh-Berman (Doc. No. 138) is DENIED AS MOOT.

     2.     Defendant's Motion to Exclude Expert Testimony of Dr. Bundred (Doc. No. 146) is DENIED AS MOOT.

     3.     Defendant's Motion to Compel the Production of Annotated Document Prepared by Plaintiff's Regulatory Expert, Dr. John Gueriguian (Doc. No. 142) is DENIED AS MOOT.

4. Defendant's Motion to Exclude Expert Testimony of Dr. Colditz (Doc. No. 150) is DENIED. However, Dr. Colditz's testimony will be limited to general causation and identifying the resources available to make the risk/benefit analysis of HRT. At this point, Dr. Colditz will not be permitted to testify that the risks of HRT outweigh the benefits.

5. Defendant's Motion to Exclude Expert Testimony of Mr. Maloney (Doc. No. 152) is DENIED AS MOOT. As I recall, the necessity for this witness is obviated by the $12 billion net worth stipulation.

6. Plaintiff's Motion to Exclude the Testimony of Leon Speroff (Doc. No. 159) is GRANTED IN PART and DENIED IN PART. To the extent that Plaintiff requests that Defendant be precluded from referring to Dr. Speroff's deposition testimony at trial, the motion is DENIED. To the extent that Plaintiff requests permission to conduct a supplemental deposition of Dr. Speroff, the motion is GRANTED.

IT IS SO ORDERED this18th day of July, 2006.

/s/ Wm. R.Wilson,Jr.
UNITED STATES DISTRICT JUDGE