**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

| | | |
|---|---|---|
| In re: | : | MDL Docket No. 4:03CV1507-WRW |
| | : | 4:05CV00497 |
| **PREMPRO PRODUCTS LIABILITY LITIGATION** | : | |
| | : | |
| | : | |
| **HELENE RUSH** | : | PLAINTIFF |
| | : | |
| v. | : | |
| | : | |
| **WYETH** | : | DEFENDANT |

**ORDER**

Pending are Defendant's Motion to Quash Subpoena of Jeannemarie Durocher (Doc. No. 323) and Plaintiff's Submission Regarding the Subpoena of Dr. Marc Deitch (Doc. No. 325). Also pending is Defendant's Motion to Strike Plaintiff's Short List of Trial Exhibits (Doc. No. 360).

     **A.**     **Motion to Quash Subpoena of Jeannemarie Durocher**

Defendant's Motion to Quash Subpoena of Jeannemarie Durocher (Doc. No. 323) is DENIED. Regardless of Wyeth's affidavit,[1] and its designation of officers in its rules, it appears to me that Ms. Durocher, as Wyeth's Assistant Vice President of Women's Healthcare for Global Communication and Professional Relations, is an officer (as I understand this word) and is subject to subpoena under Federal Rule of Civil Procedure 45. Plaintiff's counsel are directed to be reasonably accommodating to Ms. Durocher insofar as her appearance at trial is concerned. The lawyers should "meet and confer" on this, and let me know if an agreement cannot be reached.

---

     [1]Doc. No. 361.

**B.    Plaintiff's Submission Regarding the Subpoena of Dr. Marc Deitch**

Plaintiff's request that Dr. Marc Deitch, a retired Wyeth employee who lives outside my jurisdiction, be compelled to testify live at trial -- whether it be in person or via videoconferencing -- is DENIED. I do not believe that I have the authority to compel Mr. Deitch to testify live.[2]

**C.    Defendant's Motion to Strike Plaintiff's Short List of Trial Exhibits**

Defendant's objections to Plaintiff's "short" list of 732 exhibits is well taken, and the motion (Doc. No. 360) is GRANTED. Plaintiff's counsel should forthwith undertake to pare this list down to a realistic number. This <u>substantial</u> paring should be completed, and the new, realistic list submitted at or before noon, on Wednesday, November 1, 2006.

Because Plaintiff's short list of exhibits will not be ready by the hearing scheduled to commence on Tuesday, October 24, 2006, that issue is no longer on the agenda, and I see no reason to set aside three days for the hearing. Therefore, the hearing -- covering the juror strikes and motions in limine -- <u>will commence at 9 a..m., Wednesday, October 25, 2006</u> vice Tuesday. At the hearing, the parties should be prepared to propose new dates to discuss the short list exhibit issues.

IT IS SO ORDERED this 18th day of October, 2006.

<u>/s/ Wm. R. Wilson, Jr.</u>
UNITED STATES DISTRICT JUDGE

---

[2]This ruling relates to a "submission" rather than a motion, because Plaintiff never served Mr. Deitch with a subpoena, and Wyeth never filed a motion to quash. However, this issue was discussed at length during hearings on September 14-15, 2006.