**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| In re: | : | MDL Docket No. 4:03CV1507-WRW |
| | : | 4:05CV00497 |
| **PREMPRO PRODUCTS LIABILITY** | : | |
| **LITIGATION** | : | |
| | : | |
| | : | |
| **HELENE RUSH** | : | **PLAINTIFF** |
| | : | |
| **v.** | : | |
| | : | |
| **WYETH** | : | **DEFENDANT** |

**ORDER**

**I.   STRIKES FOR CAUSE**

Plaintiff requests that "jurors with a history of hormone therapy use should be excused for cause."[1] This request was addressed at an October 25, 2006 hearing and both parties have submitted follow-up briefs (Doc. No. 376, 389). It seems to me that the best way to handle this issue is during individual *voir dire*. Therefore, Plaintiff's request is DENIED.

**II.   PRETRIAL PUBLICITY AND ADVERTISEMENT**

Plaintiff requests that I enter an order directing Wyeth to "black out" its magazine advertisements in Arkansas. Oral argument was heard at an October 25, 2006 hearing and again during a November 9, 2006 telephone conference. Defendant has submitted a follow-up brief (Doc. No. 390). After reviewing the documents and considering the argument during the telephone conference, it appears to me that having Wyeth pull advertisements from magazines destined for Arkansas is unnecessary. Accordingly, Plaintiff's request is DENIED. The issue of

---

[1] October 25, 2006 Tr. at 3.

whether jurors were exposed to the ads can be addressed during *voir dire*, when the parties can ask the potential jurors about whether they read *People*, *Time*, or *Soap Opera Digest*.

IT IS SO ORDERED this 27th day of November, 2006.

/s/ Wm. R.Wilson,Jr.
UNITED STATES DISTRICT JUDGE