**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

| | | |
|---|---|---|
| In re: | : | MDL Docket No. 4:03CV1507-WRW |
| | : | 4:05CV00497 |
| **PREMPRO PRODUCTS LIABILITY** | : | |
| **LITIGATION** | : | |
| | : | |
| | : | |
| **HELENE RUSH** | : | **PLAINTIFF** |
| | : | |
| **v.** | : | |
| | : | |
| **WYETH** | : | **DEFENDANT** |

**ORDER**

Defendant filed a Motion for Summary Judgment regarding the fraud claims, and the parties have submitted extensive briefing this issue.[1]  Oral argument was heard on December 11, 2006.

A review of this entire record reveals that there is not enough evidence to raise a jury issue with regard to Wyeth's alleged fraudulent intent while promoting the cardiovascular benefits of its HRT drugs.  It seems to me that some of this evidence may go to negligence -- possibly putting Defendant on notice -- but, again, is not sufficient for a jury to find that there was a fraudulent intent.

And I find insufficient evidence, on the same basis to, to raise a jury issue as to whether Wyeth withheld crucial information from the FDA.  It appears to me that the evidence, on balance, only indicates that there was an ongoing scientific debate in studies regarding whether Defendant's drug provided a cardiac benefit -- or caused cardiac harm.  The evidence is not

---

[1] *See* Doc. Nos. 222, 229, 399, 401, 404.

1

"stout" enough for a jury to find that Wyeth knew the promotion of certain benefits was fraudulent. There was a two-sided debate.

Regarding reliance on the alleged fraudulent statements, there is one statement by Ms. Rush about Dr. Kozlowski mentioning heart benefits to her. While this is significant, Plaintiff failed to link the information to Wyeth. In my opinion, the evidence doesn't relate sufficiently for the jury to make a finding against Wyeth on the issue of reliance. Based on the evidence as a whole, with respect to what the doctors knew, what the doctors told Plaintiff, and what Plaintiff understood, I do not believe there is sufficient evidence of reliance.

Because there is insufficient evidence regarding both fraudulent intent and reliance, I do not believe the fraud claim should go to the jury. Accordingly, Defendant's Motion for Summary Judgment on this claim is GRANTED.

IT IS SO ORDERED this 14th day of December, 2006.

/s/ Wm. R.Wilson,Jr.
UNITED STATES DISTRICT JUDGE