**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

| | | |
|---|---|---|
| In re: | : | MDL Docket No. 4:03CV1507-WRW |
| | : | 4:05CV00497 |
| **PREMPRO PRODUCTS LIABILITY** | : | |
| **LITIGATION** | : | |
| | : | |
| | : | |
| **HELENE RUSH** | : | **PLAINTIFF** |
| | : | |
| **v.** | : | |
| | : | |
| **WYETH, et. al.** | : | **DEFENDANTS** |

**ORDER**

Pending are Plaintiff's seventy-four Motions in Limine (Doc. No. 303). Defendant has responded (Doc. No. 333). Also pending are Defendant's Omnibus Motions in Limine (Doc. No. 291), Motion in Limine 21 (Doc. No. 364), and Motion in Limine 22 (Doc. No. 366). Plaintiff has responded.[1] Based on the findings of fact and conclusions of law made during the October 25-26, 2006 hearing and below, Plaintiff's Motions in Limine and Defendant's Omnibus Motions in Limine are GRANTED IN PART and DENIED IN PART. Defendant's Motion in Limine 21 is DENIED and Motion in Limine 22 is GRANTED.

**A.    PLAINTIFF'S MOTIONS IN LIMINE**

   **1.    Plaintiff's Motion in Limine No. 1 to Bar Arguments Alleging an Impact on Wyeth's Business** is unopposed, and, therefore, GRANTED.

---

[1]Doc. Nos. 337, 339-342, 343-353, 356-358.

1

2.      **Plaintiff's Motion in Limine No. 2 to Bar Reference to "Good Acts" and Products Not at Issue** is GRANTED IN PART and DENIED IN PART. Wyeth will be permitted to put on very brief evidence as to how long it has been in business, how many employees it has, and generally "what it does for a living." The issues that Wyeth described in points 4 and 5 seems to "open[] the door to Plaintiff's evidence which would put such conduct into context."[2] Unless Wyeth wants to risk opening doors, I think it should be very conservative in presenting an overview of Wyeth. And this approach will help insure that we confine the trial to the specific issues presented by the pleadings in this case.

3.      **Plaintiff's Motion in Limine No. 3 to Bar Argument that FDA Regulation Prohibited Wyeth from Making Label Changes Without Prior Agency Approval** is DENIED. Wyeth can concede that the FDA doesn't preclude it, but point out that the FDA discourages changes without prior approval (as I understand it this is the truth of the matter).

4.      **Plaintiff's Motion in Limine No. 4 to Bar Testimony or Argument Regarding the "Preamble" and Any Statement by the FDA Regarding Preemption** is DENIED because the issue is better addressed during trial.

5.      **Plaintiff's Motion in Limine No. 5 to Bar Argument or Reference to the Report of Class Action Expert Ronald Ross** is unopposed, and, therefore, GRANTED.

---

[2]*See Reeves v. Wyeth*, 4:05-CV-00163 (E.D. Ark. 2005), Doc. No. 288.

**6.     Plaintiff's Motion in Limine No. 6 to Bar Opinion Testimony from Wyeth Employees and Former Employees That They Are Not Qualified to Offer, Which Has Not Been Previously Disclosed, or Which Lacks Appropriate Support under *Daubert*** is DENIED as MOOT since Plaintiff was permitted to re-depose Justin Victoria, James Pickar, Ginger Constantine, and Jeanne Marie Durocher.

**7.     Plaintiff's Motion in Limine No. 7 to Bar Speculation on Other Causes of Breast Cancer That Have No Reliable Scientific Support** is DENIED. However, the parties are directed to attempt to agree on a limiting instruction describing known risk factors and biological plausibility.

**8.     Plaintiff's Motion in Limine No. 8 to Bar Testimony Based on New WHI Data or Further Analysis of Such Data** is GRANTED based on the self-imposed limitations expressed by the parties during the hearing referenced above.

**9.     Plaintiff's Motion in Limine No. 9 to Bar Testimony by Wyeth Employees, Witnesses, Experts, or Counsel Regarding Their Personal Use of Premarin or Prempro** is unopposed, and, therefore, GRANTED.

**10.    Plaintiff's Motion in Limine No. 10 to Bar Reference to the Fact That Dr. Kozlowski or Any Other Witnesses, Apart from Plaintiff, Has Had or Has Breast Cancer** is GRANTED.

**11.     Plaintiff's Motion in Limine No. 11 to Bar Motion to Prohibit Wyeth from Advertising or Otherwise Engaging in Pretrial Publicity** is DENIED as MOOT because my rulings regarding media in the *Reeves* case equally apply to this case.[3]  Additionally, the November 27, 2006 Order addresses this topic.[4]

**12.     Plaintiff's Motion in Limine No. 12 to Bar Evidence of Benefits from a Collateral Source** is unopposed, and, therefore, GRANTED.

**13.     Plaintiff's Motion in Limine No. 13 to Bar Reference to "Lawyer-made" Lawsuits** is GRANTED, unless Plaintiff opens the door by discussing what exactly she saw in the newspaper in 2004.

**14.     Plaintiff's Motion in Limine No. 14 to Bar No Comment, Inference, Evidence, Testimony, or Document Attempting to Paint the Plaintiff's Attorneys in a Negative Light, Including**

    **A. Part 14(a)** -- is MOOT based on my ruling on Plaintiff's Motion in Limine 11.

    **B. Part (b)-(e)** -- see my ruling on Plaintiff's Motion in Limine 13.

    **C. Part 14(f)** -- is unopposed, and, therefore, GRANTED.

    **D. Part 14(g)-(j)** -- these sub-parts are GRANTED as to both parties.

---

[3]*See Reeves v. Wyeth*, 4:05-CV-00163 (E.D. Ark. 2005), Doc. No. 304 (holding that "In the interest of justice, the Court determines that no further contact with the media concerning this case will occur."); *See also*, Doc. No. 276.

[4]Doc. No. 395.

**15.    Plaintiff's Motion in Limine No. 15 to Bar References to the Expense Incurred by Wyeth for this Litigation** is GRANTED.

**16-17   Plaintiff's Motion in Limine Nos. 16 and 17 to Bar Reference to Risks of Drugs Unrelated to Defendant Wyeth and Reference to Risk of Normal Activities** is DENIED with the caveat that Wyeth should use sound discretion in making presentations in this area.

**18.    Plaintiff's Motion in Limine No. 18 to Bar Reference to Bonus or Windfall** is unopposed, and, therefore, GRANTED; but Wyeth will be permitted to appropriately describe the nature of punitive damages.  I believe that both the 8th Circuit and Arkansas Model Jury Instructions on punitive damages say what needs to be said about this point.

**19.    Plaintiff's Motion in Limine No. 19 to Bar References to the "Deep Pocket" Defendant** is unopposed, and, therefore, GRANTED.

**20.    Plaintiff's Motion in Limine No. 20 to Bar References to Witnesses Equally Available to All Parties** is DENIED, but may be reviewed before closing argument so that Wyeth can be required to put a fine point on it.  In some instances it is improper to refer to non-called witnesses; but on the other hand, in some instances it is entirely proper.  I assume that this problem would arise only in summation.

**21.    Plaintiff's Motion in Limine No. 21 to Bar Mention of Probable Testimony of Absent Witnesses** is DENIED because the issue can be better addressed during trial.

**22.    Plaintiff's Motion in Limine No. 22 to Bar Mention That Plaintiff Did or Did Not Sue Other Potential Parties** is DENIED, because I still have this issue under cogitation. I'm inclined to grant the motion under 403 (more confusing than probative). My mind is still unquiet on the point.

**23.    Plaintiff's Motion in Limine No. 23 to Bar Reference to Alleged Misconduct or Criminal Activity** is DENIED as MOOT because Plaintiff contends that neither she nor her family members have any criminal history. If something develops, the parties may again bring up this issue out of the hearing of the jury.

**24.    Plaintiff's Motion in Limine No. 24 to Bar Mention of Oral Contraceptive Use or Extramarital Affair** is GRANTED. Remoteness seems to me to be the key factor as to the oral contraceptives. Wyeth concedes the motion as it relates to any mention of Plaintiff's extramarital affair.

**25.    Plaintiff's Motion in Limine No. 25 to Bar Reference to Helene Rush's Childhood Abuse and Unrelated Depression and Psychiatric Therapy** is DENIED.

**26.    Plaintiff's Motion in Limine No. 26 to Bar Mention of Other Persons on Hormone Therapy** is GRANTED.

**27.    Plaintiff's Motion in Limine No. 27 to Bar Reference to Family History of Cancer** is DENIED assuming that Defendant can present expert testimony and evidence of family history; otherwise, Defendant will be precluded from addressing this issue.

28.     **Plaintiff's Motion in Limine No. 28 to Bar Anecdotal Evidence Regarding Other Person's Experience** is DENIED because the issue can be better addressed during trial.

29.     **Plaintiff's Motion in Limine No. 29 to Bar Use of Statistics Without Exchanging the Scientific Basis of the Statistics to Opposing Counsel Before Using in Trial** is GRANTED.

30.     **Plaintiff's Motion in Limine No. 30 to Bar Reference to Irrelevant Risk Factors** -- My recollection is that Plaintiff withdrew this motion.

31.     **Plaintiff's Motion in Limine No. 31 to Bar No Reference to Any Doctor's Negligence** is unopposed, and, therefore, GRANTED.

32.     **Plaintiff's Motion in Limine No. 32 to Bar Reference to Pfizer, Pharmacia, and Upjohn** is unopposed, and, therefore, GRANTED.

33.     **Plaintiff's Motion in Limine No. 33 to Bar Alleged Number of Persons Who Have Taken Premarin or Prempro** is DENIED because the issue is better addressed during trial.

34.     **Plaintiff's Motion in Limine No. 34 to Bar Argument That Defendant Could Not Have Been Negligent Because its Products Were Approved by the FDA** is DENIED but if requested, I will give the same limiting instruction that I gave in *Reeves*.

35. **Plaintiff's Motion in Limine No. 35 to Bar References to Taxes** is unopposed, and, therefore, GRANTED.

36. **Plaintiff's Motion in Limine No. 36 to Bar Reference to Correspondence with Experts Not Designated to Testify in this Case** is GRANTED.  However, Defendants may make another run at this before trial if they wish.

37. **Plaintiff's Motion in Limine No. 37 to Bar Reference to Dr. John Gueriguian's Confrontation Involvement as a Fact Witness with Rezulin and Subsequent Reassignment from Rezulin** is DENIED.

38. **Plaintiff's Motion in Limine No. 38 to Bar No Reference to Helene Rush's "Men Problems"** is unopposed, and, therefore, GRANTED.

39. **Plaintiff's Motion in Limine No. 39 to Bar Reference to Other Warnings** is DENIED because the issue is better addressed during trial.

40. **Plaintiff's Motion in Limine No. 40 to Bar Testimony That There Is No Increased Risk of Cancer** has been WITHDRAWN.

41. **Plaintiff's Motion in Limine No. 41 to Bar Reference to Risks or Benefits of Combination Hormone Replacement Therapy Other than Women Between 50-79** is DENIED.

**42.     Plaintiff's Motion in Limine No. 42 to Bar Reference to Persons or Entities That Are Not Parties** -- see rulings on Plaintiff's Motions in Limine 22, 31, and 32.

**43.     Plaintiff's Motion in Limine No. 43 to Bar No Reference to Plaintiff's Smoking, Alcohol, or Prescription Drug Use** is GRANTED in PART and DENIED in PART. References to alcohol and prescription drugs will be permitted.  However, when referencing the antidepressants, the parties should simply refer to them as prescription drugs.  References to smoking will not be permitted unless Defendant can show me heavier evidence than they presented during the hearing referenced above.

**44.     Plaintiff's Motion in Limine No. 44 to Bar Reference to Plaintiff's Counsel** is unopposed, and, therefore, GRANTED.

**45.     Plaintiff's Motion in Limine No. 45 to Bar Reference to Plaintiff's Claim for Prejudgment Interest** is unopposed, and, therefore, GRANTED.

**46.     Plaintiff's Motion in Limine No. 46 to Bar Reference to Civil Honors and Awards Received by Defendant** -- see ruling on Plaintiff's Motion in Limine 2.

**47.     Plaintiff's Motion in Limine No. 47 to Bar Reference to the Effect of Lawsuit and/or [sic] a Verdict in this Lawsuit** is unopposed, and, therefore, GRANTED.

**48.     Plaintiff's Motion in Limine No. 48 to Bar Reference to Experts Used Solely for Consultation** is DENIED because the issue can be better addressed during trial.

**49.**     **Plaintiff's Motion in Limine No. 49 to Bar Reference to Privileges Claimed by Plaintiff and Plaintiff's Attorneys** is GRANTED as to both parties -- Defendant concedes the motion.

**50.**     **Plaintiff's Motion in Limine No. 50 to Bar Reference to Reference to Plaintiff's Objections or Reluctance to Submit to Pre-trial Discovery** is GRANTED as to both parties, since Defendant concedes the motion.

**51.**     **Plaintiff's Motion in Limine No. 51 to Bar Reference to Unconstitutionality and/or [sic] Impermissibility of Punitive or Exemplary Damages** -- see ruling on Plaintiff's Motion in Limine 18.

**52.**     **Plaintiff's Motion in Limine No. 52 to Bar Prejudicial Comments Regarding Plaintiff's Potential for Excessive Financial Gain from this Lawsuit** -- see ruling Plaintiff's Motion in Limine 18.

**53.**     **Plaintiff's Motion in Limine No. 53 to Bar Reference to Settlement Negotiations, Offers, Payments, and Annuities** is unopposed, and, therefore, GRANTED.

**54.**     **Plaintiff's Motion in Limine No. 54 to Bar Questions to Lay Witnesses Pertaining to Ultimate Issues** is GRANTED, unless Defendant can demonstrate at trial that a particular witness meets an exception to the general rule.  The types of questions outlined by Defendant during the hearing are permissible.

**55.     Plaintiff's Motion in Limine No. 55 to Bar Requests for Stipulation in Jury Presence** is GRANTED as to both parties -- Defendant concedes the motion.

**56.     Plaintiff's Motion in Limine No. 56 to Bar Questioning of Plaintiff's Attorneys** is MOOT based on my Guidelines for Trial.

**57.     Plaintiff's Motion in Limine No. 57 to Bar Reference to "Clogged" or "Backlogged" Courts** is GRANTED as to both parties -- Defendant concedes the motion.

**58.     Plaintiff's Motion in Limine No. 58 to Bar Reference to Motion in Limine** is GRANTED as to both parties -- Defendant concedes the motion.

**59.     Plaintiff's Motion in Limine No. 59 to Bar Reference to Attorney Advertising** is GRANTED.  However, the exceptions I mentioned during the above referenced hearing might well be permissible.

**60.     Plaintiff's Motion in Limine No. 60 to Bar Reference to Public Relations Firms** is GRANTED as to both parties -- Defendant concedes the motion.

**61.     Plaintiff's Motion in Limine No. 61 to Bar Reference to Attorney Lectures, Speeches** is GRANTED as to both parties -- Defendant concedes the motion..

**62.     Plaintiff's Motion in Limine No. 62 to Bar Reference to News Releases** is GRANTED as to both parties -- Defendant concedes the motion..

**63.** **Plaintiff's Motion in Limine No. 63 to Bar Reference to Contingent Fees** is unopposed, and, therefore, GRANTED.

**64.** **Plaintiff's Motion in Limine No. 64 to Bar Reference to Cars Driven, Airplanes Flown, or Clothing Worn by Plaintiff's Counsel** is GRANTED

**65.** **Plaintiff's Motion in Limine No. 65 to Bar Reference to "Delays of Trial"** is GRANTED in PART and DENIED in PART based on my rulings in the hearing referenced above.

**66.** **Plaintiff's Motion in Limine No. 66 to Bar Reference to Superseded Pleadings** is DENIED.

**67.** **Plaintiff's Motion in Limine No. 67 to Bar Reference to Television Appearance by Counsel or the Plaintiff** -- see ruling on Plaintiff's Motion in Limine 59.

**68.** **Plaintiff's Motion in Limine No. 68 to Bar Speculative Testimony --** It's generally looked upon with judicial disfavor (this is a word to the wise).

**69.** **Plaintiff's Motion in Limine No. 69 to Bar Reference to Publications as Authoritative Not Previously Produced** is MOOT.  However, the parties are directed to notify each other, within 24 hours of discovery, of any new articles that come out before trial, that may be used during trial.  These should be first discussed out of the jury's hearing.

70.     **Plaintiff's Motion in Limine No. 70 to Bar Statements That Documents Have Been Provided Absent Evidence** is GRANTED as to both parties -- Defendant concedes the motion.

71.     **Plaintiff's Motion in Limine No. 71 to Bar Comments Regarding Assistance with Evaluation of Jury Panel** is GRANTED as to both parties -- Defendant concedes the motion.

72.     **Plaintiff's Motion in Limine No. 72 to Bar Reference to Defendant's History/Contributions to Community and Charity** -- see ruling on Plaintiff's Motion in Limine 2.

73.     **Plaintiff's Motion in Limine No. 73 to Bar Reference to the Number of Plaintiff's Counsels' Medical Malpractice Cases** is unopposed, and, therefore, GRANTED.

74.     **Plaintiff's Motion in Limine No. 74 to Bar Reference to Irrelevant Matters Concerning Dr. Kozlowski** is GRANTED, based on the agreement of the parties.

B.     **DEFENDANT'S OMNIBUS MOTIONS IN LIMINE**

1.      **Wyeth's Motion in Limine No. 1 to Bar Evidence or Argument That Before WHI, There Was Evidence That HRT Could Cause Breast Cancer** is DENIED.

2. **Wyeth's Motion in Limine No. 2 to Bar Argument and Testimony Based on a Nonexistent Failure to Warn Patient** is GRANTED with regard to the legal duty to warn.

3. **Wyeth's Motion in Limine No. 3 to Bar Reference to Other Hormone Therapy Claimants or Cases and Other Products Liability Litigation** is MOOT based on an agreement between the parties.

4. **Wyeth's Motion in Limine No. 4 to Bar Reference to Post-June 1999 Labeling Changes and Dear Doctor Letter for Premarin and Prempro** is DENIED, but the parties should attempt to agree on a limiting instruction. Additionally, as Defendant suggested, all post-June 1999 labels seem to be fair game.

5. **Wyeth's Motion in Limine No. 5 to Bar Reference to Premarin/Prempro Sales Trends** is GRANTED. However, this information may be admissible during cross-examination, depending on the testimony of the physicians.

6. **Wyeth's Motion in Limine No. 6 to Bar Reference to the Profit Margin for Premarin and Prempro** is GRANTED.

7. **Wyeth's Motion in Limine No. 7 to Bar Reference To Wyeth's Alleged Mistreatment Of Animals** is GRANTED. However, Plaintiff may state as a cold fact that the drug is created from pregnant mares' urine.

**8       Wyeth's Motion in Limine No. 8 to Bar Argument or Testimony that Wyeth Engaged in Any Fraud-on-the-FDA** is GRANTED.  However, if Plaintiff wants to revisit the issue, she should submit the documents she feels Wyeth should have presented to the FDA and I will determine whether those documents are admissible.

**9.      Wyeth's Motion in Limine No. 9 to Exclude Evidence Regarding Foreign Labeling** is MOOT based on the fact that Plaintiff does not intend to refer to foreign labels.

**10.     Wyeth's Motion In Limine No. 10 to Bar any Argument or Evidence Regarding Endometrial Cancer Warnings in the Premarin Label** is DENIED.  Plaintiff can argue the connection between endometrial cancer and estrogen and that it triggers a duty to study estrogen plus progestin in breast cancer.  In doing so, Plaintiff can present evidence of how the endometrial cancer/estrogen association was discovered.  If Defendant argues that, when FDA standards are met, it has no additional duties, Plaintiff may present evidence of Defendant's response to the discovery of the endometrial cancer/estrogen association and the FDA's response to Defendant.

**11.     Wyeth's Motion In Limine No. 11 to Bar Plaintiff from Calling Live or Playing the Deposition Testimony of Karen Chenault, Jennifer Reynolds, Kevin Beckwith, Edward DeAngelo, and Charles Payne at Trial** is GRANTED in PART, DENIED in PART, and is MOOT in PART.  As it concerns Mr. Kevin Beckwith and Ms. Jennifer Reynolds the motion is MOOT since Plaintiff indicated that she does not intend to use any testimony by either Mr. Beckwith or Ms. Reynolds.  Ms. Karen Chenault should be on stand-by, because her

testimony may be necessary depending on what Dr. Kozlowski's testimony. The motion is GRANTED as to Mr. Edward DeAngelo and Mr. Charles Payne. However if a punitive damages stage becomes necessary, Plaintiff may reargue the need for Mr. DeAngelo and Mr. Payne.

12.     **Wyeth's Motion in Limine No. 12 to Bar Reference to FDA Warning Letters Regarding Wyeth's HRT Promotional Materials** is DENIED.

13     **Wyeth's Motion in Limine No. 13 to Bar Reference to the Corfman Memos** is GRANTED, except that Plaintiff may use the memo to address the issue of notice. Defendant may submit a limiting instruction.

14.     **Wyeth's Motion in Limine No. 14 to Bar Argument and Testimony that Hormone Therapy Initiated Plaintiff's Breast Cancers** is DENIED. As I recall, none of Plaintiff's evidence supported the theory that HRT <u>initiates</u> breast cancer, and I assume that there will be no such evidence in this trial. If my assumption is correct, then Plaintiff shouldn't broach this subject. It seems to me, too, that this ruling should cut both ways, i.e., neither should Defendant broach this subject. I have held that if Plaintiff raises a jury issue with respect to "promotion" it is sufficient, Defendant's argument to the contrary notwithstanding.

15.     **Wyeth's Motion in Limine No. 15 to Bar Argument and Evidence Regarding Lower Doses of Prempro that Did Not Come onto the Market until June 2003** is DENIED.

16.     **Wyeth's Motion in Limine No. 16 to Bar Cross-Examination Regarding Wyeth's Expert's Teaching or Performing Abortions** is GRANTED as to both parties -- Plaintiff concedes the motion.

17.     **Wyeth's Motion in Limine No. 17 to Preclude Plaintiff from Introducing Evidence (by Video or Photograph) of Lumpectomy Procedures** is unopposed, and, therefore, GRANTED.

18.     **Wyeth's Motion in Limine No. 18 to Exclude Evidence and Argument Related to Adverse Drug Event Reports and Summaries Thereof** is GRANTED.

19.     **Wyeth's Motion in Limine No. 19 to Bar Certain Use of Video Clips of Deposition Testimony** is GRANTED.

20.     **Wyeth's Motion in Limine No. 20 to Bar Evidence or Argument that Short-Term HRT use is Associated with an Increase in Heart Attack; that HRT Causes Gall Bladder or Ovarian Cancer; or that HRT Causes Memory Loss for Women Who Start Taking it at or Around Menopause** is DENIED, because the issue is better addressed at trial. However, the burden remains on Plaintiff to establish a causal connection between the alleged failure to warn of injuries which she has not suffered and her breast cancer.  Additionally, it seems to me that Plaintiff should have evidentiary support before making these assertions.

**21.     Defendant's Motion in Limine No. 21 to Bar Testimony or Argument that the 2005 Prempro Label Warns Doctors to Prescribe Hormone Therapy Only as a "Last Resort" (Doc. No. 364)** is DENIED, since the label speaks for itself, and counsel for both parties may make fair argument regarding what it means.

**22.     Defendant's Motion in Limine No. 22 to Bar Argument that Standard Doses of Premarin and Prempro Are No Longer Sold or Approved by the FDA (Doc. No. 366)** is GRANTED. Plaintiff will not be permitted to assert that certain doses are no longer approved by the FDA, since that statement is inaccurate.  However, Plaintiff is not restricted from pointing out that the current label suggests that doctors should start with the lowest effective dose.

IT IS SO ORDERED this 27th day of December, 2006.

/s/ Wm. R.Wilson,Jr.
UNITED STATES DISTRICT JUDGE