IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| In re: | : | MDL Docket No. 4:03CV1507-WRW |
| | : | 4:05CV00497 |
| PREMPRO PRODUCTS LIABILITY LITIGATION | : | |
| | : | |
| HELENE RUSH | : | PLAINTIFF |
| v. | : | |
| WYETH | : | DEFENDANT |

## ORDER

After hearing oral argument on January 24, 2007, I believe that Plaintiff's Motion to Reconsider Ruling on Wyeth's Motion to Strike Portions of Dr. Colditz's Deposition (Doc. No. 521) should be, and hereby is, DENIED.

**Reconsideration**

First, so far as I can tell, Dr. Colditz neither referenced in his expert report, nor testified about, sales data for combined hormone therapy, the SEER database, a 2006 Kaiser Permanente study, or results presented by M.D. Andersen at the 2006 San Antonio breast cancer conference. The first indication that Dr. Colditz was going to use any of this data to support his conclusions was during a December 18, 2006 deposition.[1] However, Rule 26 of the Federal Rules of Civil Procedure reads:

> [An expert] report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support fro the opinion . . .[2]

---

[1] This deposition was conducted by Plaintiff in order to preserve Dr. Colditz's testimony for trial since he is unable to appear live.

[2] Fed. R. Civ. P. 26(a)(2)(B).

It seems to me that the appropriate way for Dr. Colditz to reveal that he was using this new information to support his opinions would be through a supplemental expert report rather than during a last minute "preservation" deposition.

Additionally, I believe that Dr. Colditz's attempts to use this new data to support his expert opinions data would be subject to *Daubert*. However, in September 13, 2006 Order, I instructed the parties that if there were any *Daubert* issues unique to Ms. Rush, they should be brought to my attention by September 21, 2006. We are well beyond that date.

Finally, I note that this specific testimony by Dr. Colditz was not designated until after I ruled that Dr. Austin could not use the very same information.

**Clarification**

After reviewing the deposition designations for Dr. Colditz, I believe clarification of my January 23, 2007 (Doc. No. 517) order is needed. The order reads, in part:

> Accordingly, Defendant's Motion to Exclude Certain Expert Testimony by Dr. Graham Colditz is GRANTED as to testimony by Dr. Colditz that was not included in his expert report and testimony that attempts to use SEER data to make a causation opinion.

That ruling was intended to limit Dr. Colditz to his previous testimony and opinions, and to prevent him from testifying about sales data for combined hormone therapy, the SEER database, a 2006 Kaiser Permanente study, or results presented by M.D. Andersen at the 2006 San Antonio breast cancer conference. This ruling was in no way intended to limit Dr. Colditz's testimony regarding subjects discussed during the *Reeves* trial -- notably, without objection.

IT IS SO ORDERED this 25th day of January, 2007.

/s/ Wm. R.Wilson,Jr.
UNITED STATES DISTRICT JUDGE