**UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
RICHARD SHEPPARD ARNOLD UNITED STATES COURTHOUSE
600 W. CAPITOL, ROOM 423
LITTLE ROCK, ARKANSAS 72201-3325
(501) 604-5140
Facsimile (501) 604-5149

**January 28, 2007**
**LETTER-ORDER**

Mr. Leslie Frank Weisbrod
Mr. William Burton Curtis
Ms. Alexandra V. Boone
Mr. Bill Newman
Miller Curtis & Weisbrod LLP
Post Office Box 821329
Dallas, TX 75382-1329

Ms. Kathleen Flynn Peterson
Robins, Kaplan, Miller & Ciresi
LaSalle Plaza
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402-2015

Mr. John Vardaman
Mr. Steve Urbanczyk
Mr. F. Lane Heard, III
Williams & Connolly
725 Twelfth Street, N.W.
Washington, DC 20005-5901

    Re:   *Rush v. Wyeth*, 4:05-CV-497, Motion for Mistrial

Dear Counsel:

I deny Wyeth's Motion for a Mistrial (its exception is reserved and preserved).[1]  I anticipate giving the attached instruction first thing tomorrow morning.

Each lawyer involved in this case is instructed to again read my Guidelines for Trial between now and 8:30 a.m. tomorrow morning.

Among other things the guidelines point out that "speaking objections" are prohibited.

When I have ruled on an item of evidence or a procedure, that is the "law of the case" unless I change the ruling out of the presence of the jury.

---

[1] Doc. No. 535.

If something has been excluded, the other side has not opened the door for broaching that subject again, unless I rule that the door has been opened, <u>outside the presence of the jury</u>.

The thought of a mistrial gives me the shakin' ague, but if counsel steps too far out-of-bounds or steps out-of-bounds too often, even on smaller matters, a mistrial is always possible.

Each counsel in this case is extremely well-prepared and each counsel knows what I have ruled.  As I have pointed out, I do not want to scold a lawyer in front of the jury, but as I have also pointed out, I ain't too good to.

I expect you to represent your clients with zeal but, at the same time, you are to heed the Marquess of Queensberry rules.

It would be a mighty good thing if I didn't have to deal with this type of thing again during the entire remainder of the trial.

                                                                    Cordially,

                                                     /s/ Wm. R.Wilson,Jr.

P.S.    I note once again that fraud has been ruled out as a cause of action, and evidence going to this question is excluded.  BW

Original to the Clerk of Court
cc:    The Honorable Henry L. Jones, Jr.

ADMONITION

I have previously instructed you that what the lawyers say in argument and in questions is not evidence.  The evidence is what the witnesses say from the witness stand and what is in the exhibits.  I direct you to disregard the questions asked by Plaintiff's counsel just before lunch last Friday that suggested that Wyeth's publications committee may have originated 3,000 articles.  That suggestion was improper and is not supported by the evidence.  You must disregard the question and the implication, and you should not speculate about what number or articles may or may not have originated in Wyeth's publications committee, unless it is based on evidence produced here in the courtroom.